## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAURIE LAMBERTSON AND
MICHAEL LAMBERTSON
24 Mullen Road
Wayne, Maine  04284

PLAINTIFFS,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION
1 Health Plaza
East Hanover, NJ  07936

DEFENDANT.

Case No. _____

JURY DEMANDED

## COMPLAINT AND JURY DEMAND

NOW COME plaintiffs Laurie Lambertson ("Mrs. Lambertson") and

Michael Lambertson ("Mr. Lambertson") (collectively "Plaintiffs"), by and through

counsel, and hereby sue the Defendant, Novartis Pharmaceuticals Corporation

("Novartis" or "Defendant"), a Delaware corporation with principal offices located

at 1 Health Plaza, East Hanover, New Jersey, 07936-1080 and for their cause of

action state:

## I.    INTRODUCTION

1.    The drugs Aredia® and Zometa®, each produced and marketed by

1

Novartis and other related Novartis entities, each cause and precipitate osteonecrosis of the jaw, mandible or maxilla bone among patients taking those drugs. Osteonecrosis is bone death of an area of the bone. Osteonecrosis of the jaw is a permanently disfiguring and extremely painful condition, and can result in the complete loss of the patient's jaw bone. Plaintiff Mrs. Lambertson in this action was infused with Aredia®, and has suffered osteonecrosis of the jaw bone.

## II.  **PARTIES**

### A.  **PLAINTIFF**

2.      Plaintiff Laurie Lambertson is a citizen and resident of the State of Maine, residing in Wayne, Maine. She was prescribed, purchased, and was infused with Aredia®, and as a result thereof suffered severe osteonecrosis of the jaw, including pain, infection, and disfigurement. As is the case with all patients suffering from this condition, Mrs. Lambertson is at risk for needing invasive procedures or surgeries in the future should her condition require it or should it deteriorate further.

3.      Plaintiff, Michael Lambertson, is the wife of Plaintiff Laurie Lambertson. Mr. Lambertson resides with his wife and is a citizen and resident of the State of Maine, residing in Wayne, Maine.

### B.  **DEFENDANT**

2

4.    Defendant Novartis is a Delaware corporation with its corporate headquarters located at 1 Health Plaza, East Hanover, New Jersey, 07936-1080.

5.    At all times relevant hereto, Novartis was engaged in the business of marketing, distributing, promoting, testing, labeling and selling the drugs Aredia® and Zometa®.  Novartis, at present or in the past, markets and distributes Aredia® and Zometa® throughout the world, including all fifty states in the United States, and throughout Maine.

### III.    JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by individual Plaintiffs who are citizens of a different state from the Defendant.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and 1391(c).

### IV.    FACTUAL BACKGROUND

7.    Aredia® and Zometa® are classified as bisphosphonates and are prescribed for the management of metastatic disease to the bone and other bone diseases and conditions.  Zometa® is Novartis's "successor" drug to Aredia®, as Aredia® was the first generation version of the drug Zometa®.  Zometa® is now marketed by Novartis for all or almost of the uses for which it previously marketed

3

Aredia®. Aredia® and Zometa® have been approved by the United States Food and Drug Administration.

8.    Because of the long "half-life" of the drugs Aredia® and Zometa® in the body, the drugs remain in the bones of persons who have been infused with them for at least many, many years or even permanently. For this reason, onset of osteonecrosis of the jaw or worsening of a patient's condition can occur years after infusions of the drugs have been discontinued.

9.    In the year 2002 or before, Novartis was notified by one physician that he had dozens of cases in which patients taking Aredia® had experienced problems so severe that they had lost portions of their jaws. Other oral surgeons during that time frame and before had been reporting such problems to Novartis. On information and belief, Novartis had similar information as to adverse effects caused by its drug Zometa®, which has similar properties and effects as Aredia® and is marketed by Novartis as a more effective replacement for Aredia®. Nevertheless, Novartis did not undertake to advise physicians, notify the consuming public or place information about the possibility of suffering osteonecrosis of the jaw on their products until September of 2004. Novartis did not undertake to notify dental professionals until May of 2005. These efforts to date by Novartis to provide notice are not adequate to provide the public and health care professionals with the

4

information needed to understand the risks inherent in the use of Aredia® and Zometa®.

10.    Despite knowledge of the specific risk, Novartis has failed timely to initiate studies to further investigate risks associated with the use of Aredia® and Zometa®.

11.    Further, Novartis had a duty fully to test and evaluate Aredia® and Zometa® prior to their introduction to the market, to ensure that the drugs were safe to use for their intended purpose. Novartis failed to satisfy this duty.

12.    Novartis failed properly to conduct "dosing studies" to ascertain the minimum effective quantities of Aredia® and Zometa®, and thereby to establish the proper quantities of the drugs to be administered to patients and the proper number of infusions which patients should receive. Identifying the minimum effective dosage and setting the dosage instructions accordingly are critical to avoiding the occurrence of side effects. As a result of Novartis's failure to instruct as to the proper dosage, upon information and belief the amount of the drugs actually administered to Mrs. Lambertson constituted an overdose, and contributed to the side effects and harm Mrs. Lambertson has suffered.

13.    Mrs. Lambertson was prescribed and infused with Aredia® in the course of medical treatment and as a result of using that drug has suffered severe

5

pain and suffering, discomfort and disfiguration through osteonecrosis of the jaw.
As a result of the osteonecrosis, Mrs. Lambertson suffers significant pain, difficulty
in ingesting food normally, physical disfigurement, emotional distress and mental
anguish, and has had her life span shortened. Mrs. Lambertson has incurred and
will continue to incur medical and health care related costs and expenses to treat her
condition. Mrs. Lambertson has been severely damaged in mind and in body, her
enjoyment of life has been decreased, and she has been adversely affected in her
avocations.

14.    Defendant knew or should have known that Aredia® and Zometa® are
dangerously defective products which pose risks to human health, unknown and
unknowable by the consuming public and medical professionals, including Mrs.
Lambertson and her health care providers, unless disclosed by Defendant.

15.    Because Novartis failed timely and sufficiently to notify Mrs.
Lambertson and her physicians and health care providers of the true risk of
osteonecrosis of the jaw when using Aredia®, Mrs. Lambertson was unable to
undertake preventive dental care, or other proper medical measures, which may
have prevented her development of osteonecrosis of the jaw or mitigated the harm
she suffered.

COUNT I
STRICT LIABILITY

16.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

17.    The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising and otherwise distributing Aredia® in interstate commerce, which it sold and distributed throughout the world, including the State of Maine.

18.    Mrs. Lambertson was using Aredia® in the manner for which it was intended, or in a reasonably foreseeable manner.

19.    Aredia® was expected to and did reach Mrs. Lambertson without substantial change in its condition as manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised and otherwise distributed.

20.    Mrs. Lambertson was not aware of, and reasonably could not have discovered, the actual dangerous nature of Aredia®.

21.    Aredia® causes increased risks of osteonecrosis of the jaw upon consumption, and therefore constitute products unreasonably dangerous for normal use due to their defective design, defective manufacture, and the Defendant's

7

misrepresentations and inadequate facts disclosed to Mrs. Lambertson and her

health care providers including, *inter alia*, the actual risk of developing

osteonecrosis of the jaw and the permanent, irreversible harm associated with this

disease.

22.    As a direct and proximate result of Defendant's manufacturing,

creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing,

selling, advertising, and otherwise distributing Aredia® in interstate commerce,

Mrs. Lambertson has suffered osteonecrosis of the jaw, and is at an increased risk

of developing other diseases and conditions.

23.    The Defendant, therefore, is strictly liable to Mrs. Lambertson and

Mrs. Lambertson is entitled to compensatory damages.  Additionally, Defendant's

conduct was so outrageous as to constitute ill will, bad motive and reckless

indifference to the interests of the consumers.  Mrs. Lambertson therefore is entitled

to punitive damages in an amount to be proven at trial.

COUNT II
NEGLIGENCE - NEGLIGENT MANUFACTURE

24.    Plaintiffs repeat and reallege, as if fully set forth herein, each and

every allegation contained in the above paragraph.

25.    It was the duty of the Defendant to use reasonable care in the

manufacturing, creating, designing, testing, sterilizing, packaging, supplying, and

8

otherwise distributing Aredia®.

26.    Contrary to its duty, the Defendant failed:  adequately and properly to test and inspect Aredia® so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold; adequately and properly to conduct a dosing study or otherwise to test Aredia® to ascertain the minimum effective dosage and to use this information to instruct users of the drugs and/or their health care providers of the proper dosage so as to minimize the risk of development of osteonecrosis of jaw or other side effects; to utilize and/or implement a reasonably safe design in the manufacture of Aredia®; to manufacture Aredia® in a reasonably safe condition appropriate for the use for which it was intended.

27.    Defendant manufactured and sold Aredia®, which as constituted are and were a hazard to Plaintiff's health.  Defendant's manufacture and sale of Aredia® as constituted caused Mrs. Lambertson to suffer adverse side effects and disease.

28.    Defendant was otherwise careless and negligent.

29.    As a direct and proximate result of Defendant's negligent, reckless, and careless manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, and otherwise distributing

9

Aredia® in interstate commerce, Mrs. Lambertson has suffered osteonecrosis of the

jaw, is at an increased risk of developing other diseases and conditions, and has

suffered compensatory damages and is entitled to punitive damages in amounts to

be proven at trial.

COUNT III
NEGLIENCE – FAILURE TO WARN

30.    Plaintiffs repeat and reallege, as if fully set forth herein, each and

every allegation contained in the above paragraphs.

31.    It was the duty of the Defendant to use reasonable care in the labeling,

marketing, selling, advertising, and promoting of Aredia®, and to warn Mrs.

Lambertson and her medical providers of the true risk of osteonecrosis of the jaw

and other side effects when using Defendant's drug.

32.    Contrary to its duty, the Defendant failed:  adequately and properly to

warn Mrs. Lambertson of the risks of serious complications and bodily harm when

Aredia® is used in the manner for which it was intended; adequately and properly to

warn Mrs. Lambertson of the risks of diseases when Aredia® is used in a manner

for which it was intended; adequately and properly to label Aredia® so as to warn

Mrs. Lambertson of the risks of complications and disease; and adequately and

properly to label Aredia® so as to warn Mrs. Lambertson of the risks of

osteonecrosis of the jaw.

10

33.    Further, Defendant failed to meet the standard of care set by the

Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related

amendments and codes and federal regulations provided thereunder, the Sherman

Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

Defendant further failed in the following respects:

a.    The labeling lacked adequate information on the use of the drug
Aredia® (21 C.F.R. Section 201.56(a) and (d));

b.    The labeling failed to provide adequate warnings of severe and
disabling medical conditions including, without limitation, osteonecrosis of the jaw,
and other adverse medical conditions as soon as there was reasonable evidence of
their association with the drug (21 C.F.R. 201.57(e));

c.    There was inadequate information for patients for the safe and
effective use of Defendant's drug (21 C.F.R 201.57(f)(2));

d.    There was inadequate information regarding special care to be
exercised by Mrs. Lambertson's doctors for safe and effective use of Defendant's
drug (21 C.F.R. 201.57(f)(1));

e.    The labeling was misleading and promotional (21 C.F.R. 201.56(b));
and

f.    Defendant's acts constitute an adulteration and/or misbranding as

defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331.

34.    Defendant's product Aredia® was unaccompanied by proper and

adequate warnings regarding the risk of osteonecrosis of the jaw associated with the

use of Defendant's products and the scope, severity and duration of such injuries.

11

35.    Despite Defendant's failure to provide adequate warnings to protect users or consumers of Aredia®, Defendant nevertheless continued aggressively to market, promote, distribute, and sell the dangerously defective product.

36.    As a result of Defendant's negligence and the violations of the statutes and regulations listed above, Mrs. Lambertson suffered injuries and damages as alleged herein.

37.    As a direct and proximate result of Defendant's failure to warn, Mrs. Lambertson has developed osteonecrosis of the jaw, is at risk of developing other diseases, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

38.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs.

39.    Defendant expressly warranted to Mrs. Lambertson, by and through statements made by Defendant or their authorized agents or sales representative, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that Aredia® was safe, effective, fit and proper for its intended use.

40.    In using Aredia®, Mrs. Lambertson and her health care providers relied

12

on the skill, judgment, representations and foregoing express warranties of the

Defendant. Said warranties and representations were false in that the

aforementioned products were not safe and were unfit for the uses for which they

were intended.

41.    As a direct and proximate result of Defendant's breaches of warranties,

Mrs. Lambertson has developed osteonecrosis of the jaw, is at risk of developing

other diseases, and has suffered compensatory damages and is entitled to punitive

damages in amounts to be proven at trial.

COUNT V
BREACH OF IMPLIED WARRANTY

42.    Plaintiffs repeat and reallege, as if fully set forth herein, each and

every allegation contained in the above paragraphs.

43.    Prior to the time that Aredia® was used by Mrs. Lambertson,

Defendant impliedly warranted to Mrs. Lambertson that Aredia® was of

merchantable quality and safe and fit for the use for which it was intended. Mrs.

Lambertson is unskilled in the research, design and manufacture of Aredia®, and

reasonably relied on the skill, judgment and implied warranty of the Defendant in

using Aredia®.

44.    Aredia® was neither safe for their intended use nor of merchantable

13

quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

45.    As a direct and proximate result of Defendant's breaches of warranties, Mrs. Lambertson has developed osteonecrosis of the jaw, is at risk of developing other diseases, and has suffered compensatory damages and is entitled to punitive damages in amounts to be proven at trial.

COUNT VI
LOSS OF CONSORTIUM

41.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

42.    As a proximate cause of Defendant's wrongful conduct resulting in the injuries Plaintiffs have suffered as described herein, Mr. Lambertson has lost the spousal consortium of Mrs. Lambertson.  He will likely continue to lose his spouse's consortium in the future due to the Defendant's wrongful conduct.

43.    Accordingly, the Mr. Lambertson has suffered compensatory damages in an amount to be proven at trial.  Mr. Lambertson hereby avers that the acts committed by Defendant, and its willful and wanton acts and legal malice constitute aggravating factors which support an award of punitive damages.

WHEREFORE, Plaintiffs pray that this honorable Court enter judgment against Novartis, and in favor of the Plaintiffs, and to award the following relief:

14

a.   Award Mrs. Lambertson all damages allowed by law to compensate her for the physical injury, pain, suffering, emotional distress, mental anguish, physical disability and physical disfigurement and other losses which she has endured;

b.   Award Mrs. Lambertson damages equal to the amount of her medical and health care costs and expenses incurred to present and in the future;

c.   Award Mrs. Lambertson damages in an amount sufficient to compensate her for the likely future deterioration of her medical condition as a result of the harm she has suffered from use of Defendant's products;

d.   Award Plaintiffs damages equal to any amount of lost wages and earnings;

e.   Award Plaintiffs punitive/exemplary damages to the extent necessary and appropriate to punish and deter the conduct complained of herein;

f.   Award the Mr. Lambertson damages for loss of companionship and consortium with his spouse;

g.   Award Plaintiffs attorneys' fees and costs, plus interest, as allowed by law; and

h.   Award Plaintiffs such other and further legal and equitable relief as this honorable Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury of this action.

15

VALAD & VECCHIONE, PLLC

_[signature]_

Bart T. Valad, Esq. (DC Bar No. 462814)
John J. Vecchione, Esq. (DC Bar No. 431764)
VALAD AND VECCHIONE, PLLC
3863 Plaza Drive
Fairfax, Virginia  22030
Telephone:  (703) 352-4800
Fax:  (703) 352-4820

*Attorneys for Plaintiffs Laurie and Michael Lambertson*

Dated:  June 22, 2007

16

**JS-44**
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

LAURIE LAMBERTSON AND MICHAEL LAMBERTSON
24 Mullen Road
Wayne, Maine 04284

**DEFENDANTS**

NOVARTIS PHARMACEUTICAL CORPORATION
1 Health Plaza, East Hanover, NJ 07936

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kennebec County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bart T. Valad, Esq.
Valad & Vecchione, PLLC
3863 Plaza Drive
Fairfax, VA 22030  (703) 352-4800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Diversity, 28 U.S.C. § 1332. There is an MDL consolidation in Middle District of Tennessee for these cases.

**VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ > $75,000.00 | Check YES only if demanded in complaint | JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

DATE 6/22/07   SIGNATURE OF ATTORNEY OF RECORD _Scott Neil_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.